IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA § SEALED
§
v. § No. 4:20-CR-314
§ Judge Mazzant
ERIC RYAN ROBERTS (1) §



FILED
APR 15 2021
Clerk, U.S. District Court
Eastern District of Texas

**FIRST SUPERSEDING INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**Count One**

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Marijuana)

That from sometime in or about May 2018, and continuously thereafter up to and including April 14, 2021, in the Eastern District of Texas and elsewhere,

**Eric Ryan Roberts**





defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

**Count Two**

Violation: 21 U.S.C. § 848(a)
(Continuing Criminal Enterprise)

That from sometime in or about May 2018, and continuously thereafter up to and including April 14, 2021, in the Eastern District of Texas and elsewhere,

**Eric Ryan Roberts**

defendants herein, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated 21 U.S.C. § 846, which violation includes, but is not limited to, the substantive violation alleged in Count One of this First Superseding Indictment, to wit: Conspiracy to Possess

with the Intent to Distribute Marijuana, and which violation was part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., undertaken by defendants, **Eric Ryan Roberts** and [REDACTED] in concert with at least five other persons with respect to whom **Eric Ryan Roberts** and [REDACTED] occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendants obtained substantial income and resources.

All in violation of 21 U.S.C. § 848(a).

## Count Three

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A) and 1956(a)(2)(B)(i))

That from sometime in or about May 2018, and continuously thereafter up to and including April 14, 2021,

**Eric Ryan Roberts**



[redacted]

defendants, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit:

1. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: marijuana, as described in Count One of this First Superseding Indictment, with the intent to promote the carrying on of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

2. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, to-wit: marijuana, as described in Count One of this First Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

3. to knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: marijuana, as described in Count One of this First Superseding Indictment, in violation of 18 U.S.C. § 1956(a)(2)(A); and

4. to knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, involving the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substances, to-wit: marijuana, as described in Count One of this First Superseding Indictment, knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

**MANNER AND MEANS**

1. It was part of the conspiracy for members to purchase automobiles, houses, jewelry and other valuable assets with the proceeds derived from the distribution and sale of marijuana and place the assets in the names of third parties in order to conceal or

disguise the nature, location, source, ownership, and control of the proceeds derived from the specified unlawful activity;

2. It was a part of the conspiracy for members to transport from the United States to the Republic of Mexico, United States currency that was derived from the smuggling of marijuana and marijuana into the United States and the distribution and sale of marijuana within in the United States, in order to promote the carrying on of the specified unlawful activity;

3. It was further a part of the conspiracy for members to receive United States currency derived from the distribution and sale of marijuana, and transport, transmit, or transfer the illegal proceeds from the United States to the Republic of Mexico, for the purpose of paying for the marijuana that this organization had received.

4. As representative of the manner and means of the conspiracy, and to effect and accomplish the objects of the conspiracy, one or more of the defendants or conspirators, both indicted and unindicted, and other persons known and unknown to the Grand Jury, performed or caused the performance of the acts in the Eastern District of Texas and elsewhere.

All in violation of 18 U.S.C. § 1956(h).

**Count Four**

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about August 6, 2020, within the Northern District of Texas, [REDACTED] [REDACTED], defendant, did knowingly possess a firearm, namely, a Glock 30, .45 caliber

pistol, Serial Number RZH958, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to distribute marijuana.

In violation of 18 U.S.C. § 924(c).

**Count Five**

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about August 6, 2020, within the Northern District of Texas, [redacted] [redacted] defendant, did knowingly possess a firearm, namely, an Uzi Pro, 9mm caliber pistol, Serial Number U0000765, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to distribute marijuana.

In violation of 18 U.S.C. § 924(c).

**Count Six**

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about August 6, 2020, within the Northern District of Texas, **Eric Ryan Roberts**, defendant, did knowingly possess firearms namely, a FN Scar, .205 caliber firearm, Serial Number PR14587, a Springfield Hellcat, 9mm caliber handgun, Serial Number BY195317, a Glock 43X, 9mm pistol, Serial Number BMRD572, a Kriss Vector, 9mm rifle, Serial Number 45P005285, a Kriss Vector, 9mm caliber rifle, Serial Number 919P005470, a Sig Sauer MPX, 9mm caliber short barrel rifle, Serial Number

62B022320, a HK MR 556 caliber rifle, Serial Number 241311406, a CZ Scorpion, 9mm caliber handgun, Serial Number D010496, a Wilson Combat WC-12HM, .458 caliber rifle, Serial Number WCHM00255, a LaRue Tactical AR 15 rifle, Serial Number LTS9754, a FN Scar, 7.62mm caliber rifle, Serial Number HC43524, a Sig Sauer MCX, .223 caliber rifle, Serial Number 63C008712, a LaRue Tactical LT10, .308 caliber rifle, Serial Number 0BR8470, a FN P590, Serial Number FN124071, a Wilson Combat EDCX9, 9mm caliber handgun, Serial Number WCX6689, a Wilson Combat EDCX9, 9mm caliber handgun, Serial Number WCX7015, a Wilson Combat EDCX9, 9mm caliber handgun, Serial Number WCX7277, a FN 5.7 caliber handgun, Serial Number 386386911, a Glock 19X, 9mm caliber handgun, Serial Number BHKY233, a Gun Performance, .44 caliber revolver, Serial Number DKM9075, a Colt Python, .357 caliber handgun, Serial Number PY007140, a Sig Sauer P320, 9mm caliber handgun, Serial Number WC000381, a Wilson Combat Tactical Carry, .45 caliber handgun, Serial Number WC12915, a Wilson Combat 1911, .45 caliber handgun, Serial Number WC17527, Heckler & Koch VP9, 9mm caliber handgun, Serial Number 224-143677, a FNX 45 Tactical, .45 caliber handgun, Serial Number FX3U132115, HK SP5, 9mm caliber handgun, Serial Number 271-005263, a Mossberg 930, 12 gauge shotgun, Serial Number AF129477, a Benelli M4, 12 gauge shotgun, Serial Number Y068945H, a Mossberg 590, 12 gauge shotgun, Serial Number U169866, a Saiga, 12 gauge shotgun, Serial Number H08437229, a Daniel Defense DDM4, 5.56 caliber handgun, Serial Number DDM4056349, a Sig Sauer MPX short barrel rifle, Serial Number 62B020109, an Arsenal 57K, 7.62 caliber rifle, Serial Number BA534489, and a Sig Sauer P238, .380

caliber handgun, Serial Number 27B278105, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to distribute marijuana.

In violation of 18 U.S.C. § 924(c).

**NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offense charged in this First Superseding Indictment, the defendants shall forfeit to the United States, pursuant to18 U.S.C. § 924(d), 18 U.S.C. § 982, and 21 U.S.C. § 853, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to the following:

**Assets seized from Eric Ryan Roberts:**

$253,364.00 in U.S. currency;

$2,000.00 in U.S. currency;

Arsenal 57K, 7.62 caliber rifle, Serial Number BA534489;

Sig Sauer MCX, .223 caliber rifle, Serial Number 63C008712;

CZ Scorpion, 9mm caliber handgun, Serial Number D010496;

Sig Sauer MPX, 9mm caliber short barrel rifle, Serial Number 62B022320;

Kriss Vector, 9mm caliber rifle, Serial Number 919P005470;

HK SP5, 9mm caliber handgun, Serial Number 271-005263;

Sig Sauer MPX, 9mm caliber short barrel rifle, Serial Number 62B022320;

LaRue Tactical LT10, .308 caliber rifle, Serial Number 0BR8470;

Saiga, 12 gauge shotgun, Serial Number H08437229;

HK PBF Upper Receiver;

Kriss Vector, 9mm rifle, Serial Number 45P005285;

Wilson Combat WC-12HM, .458 caliber rifle, Serial Number WCHM00255;

FN Scar, 7.62mm caliber rifle, Serial Number HC43524;

HK MR 556 caliber rifle, Serial Number 241311406;

Larue Tranquilo suppressor;

Daniel Defense DDM4, 5.56 caliber handgun, Serial Number DDM4056349;

Gun Performance, .44 caliber revolver, Serial Number DKM9075;

Wilson Combat Tactical Carry, .45 caliber handgun, Serial Number WC12915;

YHM TI Phantom suppressor, Serial Number TI5-3523;

Benelli M4, 12 gauge shotgun, Serial Number Y068945H;

Mossberg 930, 12 gauge shotgun, Serial Number AF129477;

FNX 45 Tactical, .45 caliber handgun, Serial Number FX3U132115;

Mossberg 590, 12 gauge shotgun, Serial Number U169866;

FN 5.7 caliber handgun, Serial Number 386386911;

Heckler & Koch VP9, 9mm caliber handgun, Serial Number 224-143677;

Colt Python, .357 caliber handgun, Serial Number PY007140;

Silencerco Octane 45HD suppressor;

LaRue Tactical AR 15 rifle, Serial Number LTS9754;

YHM TI Phantom Suppressor;

Wilson Combat EDCX9, 9mm caliber handgun, Serial Number WCX7015;

Wilson Combat EDCX9, 9mm caliber handgun, Serial Number WCX6689;

Wilson Combat EDCX9, 9mm caliber handgun, Serial Number WCX7277;

Glock 19X, 9mm caliber handgun, Serial Number BHKY233;

Sig Sauer P238, .380 caliber handgun, Serial Number 27B278105 with magazine;

FN P590, Serial Number FN124071;

Glock 43X, 9mm pistol, Serial Number BMRD572;

Springfield Hellcat, 9mm caliber handgun, Serial Number BY195317;

2019 Ford Transit Van VIN #1FTYR2CG0KKB76275;

2020 Ford Mustang Shelby GT500 VIN #1FA6P8SJ3L5502458;

2018 Dodge Challenger Demon VIN #2C3CDZH95JH102100;

2017 Harley Davidson Motorcycle VIN #1HD1KVC22HB658782;

2013 International 430 Box Truck VIN #1HTMMAAL8DJ441785;

2019 Ford Transit Van VIN #1FTYR2CM2KKB15998;

2019 Ford Transit Van VIN #1FTYR2YM5KKA52534;

2020 Ford Mustang Shelby GT500, VIN#1FA6P8SJ0L5502031;

$180,931.32 in funds from Capital One bank count number xxx2573;

**Assets seized from [redacted]:**

$1,870.00 in U.S. currency;

Uzi Pro, 9mm caliber pistol, Serial Number U0000765;

$103,392.28 in funds from Wells Fargo bank account number xxxx9520;

**Assets seized from [redacted]:**

Glock 30, .45 caliber pistol, Serial Number RZH958;

2013 Jeep Wrangler VIN #1C4HJWEG3DL596184; and

$12,459.12 in funds from Capital One bank account number xxxx4998.

A TRUE BILL

______________________________
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

______________________________
ERNEST GONZALEZ
Assistant United States Attorney

______________________________
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| v. | § | No. 4:20-CR-314 |
| | § | Judge Mazzant |
| ERIC RYAN ROBERTS (1) | § | |



**Count One**

Violation: 21 U.S.C. § 846

Penalty: If 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana -- not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years.

Special Assessment: $100.00

**Count Two**

Violation: 21 U.S.C. § 848(a)

Penalty: Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years

and which may be up to life imprisonment, a fine not to exceed $2 million, or both; supervised release of at least eight years;
If any person engages in such activity after one or more prior convictions under this section have become final, he or she shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least ten years.

Special Assessment: $100.00

**Count Three**

Violation: 18 U.S.C. § 1956(h) in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A) and 1956(a)(2)(B)(i)

Penalty: Not more than 20 years imprisonment; a fine not to exceed $500,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years.

Special Assessment: $100.00

**Counts Four, Five and Six**

Violation: 18 U.S.C. § 924(c)

Penalty: Imprisonment for not more than five years to be served consecutive with any other term; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

Special Assessment: $100.00