# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> §    NO. 4:20-CR-314 <br> § <br> § <br> § |
| v. | |
| ERIC RYAN ROBERTS (1) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion Under Seal to Dismiss Case (Dkt. #222). Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be denied.

### BACKGROUND

Defendant is charged in Count One of the First Superseding Indictment (the "Indictment") with Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. The Indictment alleges that Defendant conspired "to knowingly and intentionally possess with the intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana" with other persons both known and unknown to the grand jury "in the Eastern District of Texas and elsewhere" (Dkt. #167 at pp. 1–2).

Defendant is charged in Count Two of the Indictment with Continuing a Criminal Enterprise in violation of 21 U.S.C. § 848(a). The alleged criminal enterprise relates to "the substantive violation alleged in Count One" of the Indictment (Dkt. #167 at p. 2). Also according to the Indictment, Defendant "occupied a position of organizer, supervisor, and any position of

management, and from which such continuing series of violations the [Defendant] obtained substantial income and resources" (Dkt. #167 at p. 2).

Defendant is charged in Count Three of the Indictment with Conspiracy to Commit Money Laundering in violation of 18 U.S.C §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A) and 1956(a)(2)(B)(i). The allegations contained within Count Three relate to the proceeds resulted from the unlawful activity described in Count One. The Indictment further alleges that "one or more of the defendants or conspirators[] . . . performed or caused the performance of the acts in the Eastern District of Texas and elsewhere" (Dkt. #167 at p. 6).

Defendant is charged in Count Six of the Indictment with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). The Indictment alleges that Defendant knowingly possessed multiple firearms in furtherance of the unlawful activity contained within Count One. Such possession of firearms purportedly occurred "within the Northern District of Texas" (Dkt. #167 at p. 7).

On June 10, 2021, Defendant filed the present motion to dismiss the Indictment for improper venue (Dkt. #222). On June 24, 2021, the Government filed a response (Dkt. #224). On June 28, 2021, Defendant filed a reply (Dkt. #226).

## LEGAL STANDARD

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. CONST. amend. VI. Similarly, Federal Rule of Criminal Procedure 18 states

> Unless a statute or these rules permit otherwise the government must prosecute an offense in a district where the offense was committed. The Court must set the place

> of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18. Notably, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

"An indictment alleges proper venue if, on its face, 'it alleges facts which, if proven, would . . . sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack of venue, and the allegation must be taken as true.'" *United States v. Taylor*, No. 4:17-CR-09-MAC-CAN, 2017 WL 4639708, at *2 (E.D. Tex. Sept. 20, 2017), *report and recommendation adopted*, 2017 WL 4629246 (E.D. Tex. Oct. 16, 2017) (quoting *United States v. Delgado-Nunez*, 295 F.3d 494, 499–500 (5th Cir. 2002)). "When considering a motion to dismiss the indictment, the Court considers all well-pleaded facts as true." *United States v. Bonds*, No. 4:09-CR-92, 2012 WL 1802448, at *1 (E.D. Tex. Apr. 2, 2012), *report and recommendation adopted*, 2012 WL 1802443 (E.D. Tex. May 17, 2012).

## ANALYSIS

Defendant asks the Court to dismiss the Indictment. In support of this request, Defendant contends that "proper venue [is] in the [Northern District of Texas]" because that is where "every one of the alleged covert conspiratorial acts" took place (Dkt. #222 at pp. 1–2).

The Government responds that venue is proper in the Eastern District of Texas due to the nature of the crime alleged—namely, conspiracy and the charges tangential to furtherance of the conspiracy.

The Court will consider the propriety of venue as to each Count in turn.

I. **Count One**

As noted above, Defendant is charged in Count One with Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. "[V]enue in conspiracy cases is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed." *United States v. Pomranz*, 43 F.3d 156, 158–59 (5th Cir. 1995) (first citing *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994); and then citing *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984)). "An overt act, is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself." *Id.* at 160. "Though the act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy." *Id.*

Here, the Indictment alleges Defendant participated in an illegal conspiracy "in the Eastern District of Texas and elsewhere" (Dkt. #167 at p. 1). Such allegation is sufficient, at the pretrial motion stage, to withstand a venue challenge. *See Taylor*, 2017 WL 4639708, at *2 (determining that an allegation that defendants engaged in a conspiracy "in the Eastern District of Texas and elsewhere" was sufficient to establish proper venue in this District when ruling upon a motion to dismiss) (collecting cases). Thus, Defendant is not entitled to dismissal of Count One of the Indictment.

II. **Count Two**

The Government has charged Defendant in Count Two of the Indictment with Continuing a Criminal Enterprise "in the Eastern District of Texas and elsewhere" (Dkt. #167 at p. 2). For the same reasons outlined in the Court's analysis on Count One, venue is likewise sufficiently alleged for Count Two. Defendant is therefore not entitled to dismissal of Count Two of the Indictment.

### III. Count Three

Count Three of the Indictment charges Defendant with Conspiracy to Commit Money Laundering. In describing the Manner and Means of the operation of the conspiracy, the Government alleges "one or more of the defendants or conspirators . . . performed or caused the performance of the acts in the Eastern District of Texas and elsewhere" (Dkt. #167 at p. 6).

The same venue principles utilized in Count One also apply to Count Three. *See United States v. Perez*, 223 F. App'x 336, 341 (5th Cir. 2007) ("For money laundering conspiracy offenses, venue based upon an overt act in furtherance of the conspiracy being committed in the district of prosecution is provided for in 18 U.S.C. § 1956(i)(2) . . . and such venue is likewise appropriate under 18 U.S.C. § 3237(a), so our analysis proceeds on the basis of section 3237(a) as to both counts."). After consideration of the above-outlined venue provisions, the Court is convinced that the Government has sufficiently alleged venue in the Eastern District of Texas for Count Three of the Indictment. *See Taylor*, 2017 WK 4639708, at *2 (noting that an allegation that defendants engaged in a conspiracy "in the Eastern District of Texas and elsewhere" was sufficient to establish proper venue in this District). Defendant is therefore not entitled to dismissal of Count Three of the Indictment.

### IV. Count Six

Count Six of the Indictment alleges that Defendant knowingly possessed firearms in furtherance of the drug trafficking crime charged in Count One "within the Northern District of Texas" (Dkt. #167 at p. 7). Of particular note is that the Indictment does *not* allege that Defendant possessed any firearms within the Eastern District of Texas.

The underlying offense upon which Count Six is based is conspiracy to commit marijuana—a crime which may properly be prosecuted within the Eastern District of Texas.

Absent the substantive violation of Count One, Count Six would not exist. *See Pomranz*, 43 F.3d at 162 ("The initial predicate necessary for a violation of § 924(c)(1) is a crime of violence or drug trafficking. It is only when a firearm is used or carried during and in relation to such violent or drug trafficking crime that the § 924(c)(1) offense becomes complete."). "Since the indispensable predicate offense is as important or essential to the completed offense as the carrying or using of the firearm and since the use or carrying of the firearm itself must be made during and in relation to such predicate offense, it only follows that venue should be allowed where the violent crime or drug offense occurred." *Id.* Because venue for the drug conspiracy is proper in the Eastern District of Texas, venue for the possession of a firearm charge directly related thereto is likewise proper in this District. *See United States v. Bays*, No. 3:13-CV-357-B, 2014 WL 12691742, at *2 n.1 (N.D. Tex. Apr. 8, 2014) (first citing *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281–82 (1999); and then citing *United States v. Miller*, 387 F. App'x 949, 952 (11th Cir. 2010)) ("Although the possession of a firearm apparently occurred outside this district, the underlying drug trafficking offense occurred in this district, and therefore venue is proper here.").

In accordance with the foregoing, the Court finds the Government has sufficiently alleged venue in the Eastern District of Texas as to Counts One, Two, Three, and Six of the Indictment. The Government will have to prove venue by a preponderance of the evidence at trial, and "whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal." *Bonds*, 2012 WL 1802448, at *1 (citing *United States v. Solis*, 299 F.3d 420, 444–45 (5th Cir. 2002)).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion Under Seal to Dismiss Case (Dkt. #222) is hereby **DENIED**.

**SIGNED this 24th day of August, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE