# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | Civil Action No. 4:20-cr-00314 |
| § | Judge Mazzant |
| ERIC RYAN ROBERTS et al. § | |
| § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Eric Roberts's Motion for Return of Property and Brief (Dkt. #295), Defendant Eric Roberts's Motion for the Prosecution to Reveal Deals with Witnesses To-Be-Named in the Trial and Brief (Dkt. #296), Defendant Eric Roberts's Motion for Return of Seized Property (Weapons) and Brief (Dkt. #305), Defendant Christopher Ragle's Motion for Disclosure of Extraneous Acts Evidence and Incorporated Brief (Dkt. #352), Defendant Eric Roberts's Motion for Disclosure of Unnamed Coconspirators (Dkt. #353), Defendant Christopher Ragle's Motion for Specific Evidence Favorable to the Defendant (Specific Brady Motion) Regarding Witnesses, Informants and Testifying Co-Conspirators and Incorporated Brief (Dkt. #354), Defendant Eric Roberts's Motion for Disclosure of Plea Bargain Agreements, Factual Resumes and Grants of Immunity (Dkt. #355), Defendant Eric Roberts's Motion for Discovery and Brief in Support (Dkt. #398), and Defendant Eric Roberts's Opposed Motion for Discovery Related to Transactions and Acts in Mexico (Dkt. #402).

Having considered the motions, the Court finds that Defendant Eric Roberts's Motion for Return of Property and Brief (Dkt. #295), Defendant Eric Roberts's Motion for Return of Seized Property (Weapons) and Brief (Dkt. #305), Defendant Christopher Ragle's Motion for Disclosure of Extraneous Acts Evidence and Incorporated Brief (Dkt. #352), Defendant Eric Roberts's

Motion for Disclosure of Unnamed Coconspirators (Dkt. #353), Defendant Eric Roberts's Motion for Discovery and Brief in Support (Dkt. #398), and Defendant Eric Roberts's Opposed Motion for Discovery Related to Transactions and Acts in Mexico (Dkt. #402) should be **DENIED.** Additionally, the Court finds that Defendant Eric Roberts's Motion for the Prosecution to Reveal Deals with Witnesses To-Be-Named in the Trial and Brief (Dkt. #296), Defendant Christopher Ragle's Motion for Specific Evidence Favorable to the Defendant (Specific Brady Motion) Regarding Witnesses, Informants and Testifying Co-Conspirators and Incorporated Brief (Dkt. #354), and Defendant Eric Roberts's Motion for Disclosure of Plea Bargain Agreements, Factual Resumes and Grants of Immunity (Dkt. #355) should be **GRANTED in part.**

## BACKGROUND

Defendants Eric Roberts ("Roberts") and Christopher Ragle ("Ragle"), along with several other defendants, are indicted in the current criminal case for violating 21 U.S.C. § 846 and 18 U.S.C. § 1956(h) due to their alleged involvement in a conspiracy to posses with intent to distribute marijuana and a conspiracy to commit money laundering. In addition, Roberts and Ragle are accused of carrying firearms in furtherance of a drug trafficking crime and engaging in a continuing criminal enterprise, which are violations of 18 U.S.C. § 924(c) and 21 U.S.C. § 848(a) respectively. Roberts and Ragle have filed a litany of pretrial motions that, among other things, seek the disclosure of certain evidence or the return of property. The United States of America ("the Government") has responded to only a handful of these motions.

## ANALYSIS

The Court will address the relevant pending motions below. As discussed, the Court finds that most of the motions should be denied with the limited exception that the Court orders the

Government to produce *Giglio* and Jencks Act material to the extent that it is available. The timing for these disclosures is set forth below.

**I.     Defendant Eric Roberts's Motion for Return of Property and Brief (Dkt. #295) / Defendant Eric Roberts's Motion for Return of Seized Property (Weapons) and Brief (Dkt. #305)**

In two related motions, Roberts moves under Federal Rule of Criminal Procedure 41(g) and seeks the return of unused loan proceeds totaling $42,000 and numerous weapons that he claims are unrelated to his criminal charges. The Court finds that both motions should be denied.

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). "'If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property.'" *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). Relevant here, "a motion under Rule 41(g), or a similar civil equitable action, is of limited value to a criminal defendant once a grand jury returns an indictment alleging that the property is subject [to] criminal forfeiture." *Reader v. United States*, No. 4:16-CV-00037-ALM-CAN, 2016 WL 10589877, at *3 (E.D. Tex. Sept. 8, 2016) (citing *Kaley v. United States*, 571 U.S. 320, 321–28 (2014)) *r. & r. adopted*, No. 4:16-CV-37, 2016 WL 5422763 (E.D. Tex. Sept. 29, 2016). "This is because a grand jury's forfeiture allegation 'conclusively determines' that there is probable cause to issue a [pretrial] restraining order or seizure warrant if the property is connected to the alleged offense." *Reader*, 2016 WL 10589877, at *3 (quoting *Kaley*, 571 U.S. at 328). Thus, "a Rule 41(g) motion is properly denied 'if . . . the property is contraband or subject to forfeiture . . . .'" *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007) (cleaned up) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)).

At bottom, Roberts's motions contend that he is entitled to his loan proceeds and weapons because they are insufficiently tied to any illegality. The problem with that argument is that these items are listed in Roberts's indictment as being subject to criminal forfeiture. The loan proceeds, for example, are part of a bank account that has been identified in Roberts's Superseding Indictment as subject to criminal forfeiture. Similarly, each weapon that Roberts wants returned is included in the Superseding Indictment as being subject to criminal forfeiture as well.

Therefore, Roberts's arguments are unavailing. While Roberts may disagree that his property is not subject to criminal forfeiture, a grand jury has already determined that probable cause exists for the government to seize these items. As such, Roberts's remedy is to contest the forfeiture on the merits during the forfeiture phase of his criminal trial. *See United States v. Durante*, No. CRIM.A. 11-277 SRC, 2012 WL 2863490, at *1 (D.N.J. July 11, 2012) ("Ordinarily, the inclusion of the forfeiture allegation in the indictment is sufficient to bar the return of money unless and until a trier of fact determines whether the funds are subject to forfeiture."); *United States v. Hills*, No. 1:16-CR-329, 2018 WL 1621088, at *8 (N.D. Ohio Apr. 4, 2018) (noting that, when various items are listed in a criminal defendant's indictment as being subject to forfeiture, "[the defendant's] remedy lies in contesting forfeiture at the conclusion of the criminal proceedings"); *see also United States v. Travers*, No. 96-477-CR, 1997 WL 35430441, at *2 (S.D. Fla. Apr. 8, 1997); *United States v. Latorre*, No. 1:20-CR-00272-ELR-RGV, 2020 WL 7685935, at *8 (N.D. Ga. Nov. 23, 2020), *r. & r. adopted*, No. 1:20-CR-00272-ELR-RGV, 2020 WL 7351222 (N.D. Ga. Dec. 15, 2020); *Panos v. United States*, No. CIV.A. 13-242, 2014 WL 317784, at *3 (W.D. La. Jan. 27, 2014) ("Plaintiff is entitled to challenge the forfeiture on the merits during the forfeiture phase of the criminal trial.").

As a result, the Court denies both of Roberts's motions.

**II.   Defendant Eric Roberts's Motion for the Prosecution to Reveal Deals with Witnesses-To-Be in the Trial and Brief (Dkt. #296)**

Roberts also moves the Court to order the Government to produce (1) the content of any plea bargains that have been made with individuals who have agreed to cooperate with the prosecution in the case and (2) any notes or documents made by law enforcement or the prosecution in relation to plea bargain discussions. Roberts posits that this information is subject to discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). In response, the Government states that it "has produced discovery to Roberts . . . and will continue to do so at the appropriate time when and if discoverable material comes into [its] possession" (Dkt. #300 at p. 2).

Roberts's motion for *Brady* material is unnecessary because the Court's Scheduling Order already provides that the Government must provide such material throughout this case (Dkt. #55 at pp. 2–4). Moreover, the Government has stated that it has fulfilled its obligations under *Brady* and will continue to do so. Therefore, Roberts's request for *Brady* material is denied. As for Roberts's request for material under *Giglio*, the Government shall provide Roberts with such material (i.e., evidence of agreements or promises made by the government to a witness) by no later than immediately prior to the testimony of the witness to whom such material relates.

**III.   Defendant Christopher Ragle's Motion for Disclosure of Extraneous Acts Evidence and Incorporated Brief (Dkt. #352)**

Ragle requests the Court to order the Government to disclose evidence of any prior convictions, alleged violations of the law not alleged in the indictment, or extraneous acts allegedly done by Ragle or other alleged coconspirators in this case. In other words, the crux of Ragle's motion is a request for evidence under Federal Rule of Evidence 404(b). *See* (Dkt. #352 at pp. 2–4) (citing to Rule 404(b) with Ragle arguing he is entitled to pretrial notice under the Rule). The Court finds that Ragle's motion should be denied.

In the Court's Scheduling Order controlling the disposition of Ragle's case, it specifically provides:

> Within five days after the arraignment, or date of the receipt of this order by the Defendant . . . the United States Attorney or Assistant United States Attorney prosecuting the case . . . shall . . . [d]isclose to Defendant's attorney evidence of the Defendant's other crimes, wrongs, or acts which—although inadmissible to prove the Defendant's bad character—the Government believes to be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning the instant charge . . .

(Dkt. #100 at pp. 1–2). The Scheduling Order further provides that "[a]ny duty of disclosure . . . set forth in this Order is a continuing one" (Dkt. #100 at p. 4). Therefore, Ragle should already have any of the information he requests, and this motion is unnecessary. More importantly, Ragle has made no allegation whatsoever that the Government has failed to abide by this obligation in the Scheduling Order. To the extent that Ragle wants the Government to disclose Rule 404(b) evidence pertaining to his coconspirators—and not his own prior bad acts—such disclosure is not warranted by Rule 404(b). *See United States v. Sepulveda*, 710 F.2d 188, 189 (5th Cir. 1983) ("[Rule 404(b)] deals with acts committed by the defendant himself."); *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir. 1989) ("Rule 404(b) deals only with acts committed by the defendant himself, not with acts committed by other members of the conspiracy . . . The purpose of the rule is to prevent the jury from considering evidence that the *defendant* has, at other times, committed bad acts to convict him of the charged offense.") (emphasis in original) (citations omitted); *United States v. Diaz*, 878 F.2d 608, 616 (2d Cir. 1989) ("In this conspiracy case, evidence of crimes, wrongs or acts by coconspirators is admissible . . . and such proof ordinarily does not raise any Rule 404(b) question.") (citations omitted); *United States v. Bailey*, 840 F.3d 99, 124–25 (3d Cir. 2016) (explaining that Rule 404(b) only applies when the *defendant* was the actor—not third parties).

6

Accordingly, Ragle's motion is denied.

### IV. Defendant Eric Roberts's Motion for Disclosure of Unnamed Coconspirators (Dkt. #353)

In Roberts's next motion, he (1) asks the Court to compel the Government to disclose the identities of two indicted defendants in this case and (2) requests an evidentiary hearing outside the presence of the jury to determine the admissibility of any statements made by his coconspirators. Both requests are denied.

#### A. Identities of Coconspirators

First, citing the Sixth Amendment and principles of due process, Roberts argues that he is entitled to know the identities of unnamed, indicted coconspirators in this case (Dkt. #353 at p. 2). The Court, however, has found no authority to suggest that a defendant can move under principles of justice and equity to require the Government to disclose such identities. Rather, it appears this information should be sought in a bill of particulars. *See United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (noting that the "purposes of a bill of particulars are to obviate surprise at trial [and] enable the defendant to prepare his defense with full knowledge of the charges against him" and further stating that "[i]nforming the defendant of the names of alleged unindicted coconspirators has been held a proper use of a bill of particulars") (citations omitted); *see also United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987) ("[A] bill of particulars is a proper procedure for discovering names of coconspirators the Government plans to call as witnesses at trial."). Accordingly, the Court will construe Roberts's motion as one for a bill of particulars.

Bills of particulars are governed by Rule 7(f) of the Federal Rules of Criminal Procedure. Under the Rule, a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." FED. R. CRIM. P. 7(f). While Roberts's motion would normally be untimely under Rule 7(f), the Court will entertain his motion here. *See id.* ("The defendant may move for a bill of particulars . . . at a later time if the court permits."). "The purpose

7

of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005). But, importantly, a defendant "possesses no right to a bill of particulars," *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980), and the decision to grant a bill of particulars is firmly within the trial court's discretion. *Mackey*, 551 F.2d at 970.

As stated above, a bill of particulars can be used to discover the identities of coconspirators that the Government will call at trial or the identities of coconspirators generally. *Id.*; *Hughes*, 817 F.2d at 272. A defendant, however, is not automatically entitled to this information. *United States v. Quiroz*, No. 4:21-CR-00334-ALM-CAN-2, 2022 WL 3223983, at *4 (E.D. Tex. July 15, 2022), *r. & r. adopted*, No. 4:21-CR-334, 2022 WL 3223179 (E.D. Tex. Aug. 9, 2022). Indeed, a bill of particulars should only be granted "when the information is necessary . . . to prepare for trial," and the defendant is "obliged to show that [he] will be prejudiced if [he does] not receive the information sought." *United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 2880919, at *3 (N.D. Tex. July 15, 2011) (cleaned up) (citations omitted).

Here, Roberts has not shown that he needs the identity of his coconspirators or how he would be prejudiced without this information. While Roberts generally argues that his ability to prepare a defense is impaired by not knowing his co-defendants' identities, he has not pointed to a specific reason for why these identities might be helpful. Simply put, Roberts fails to show that a bill of particulars is necessary. *See id.* In any event, the Court notes that (1) Roberts already knows thirteen out of the fifteen individuals indicted in this case and (2) Roberts will receive a witness list from the Government assuming any coconspirators are called at trial (Dkt. #374 at p. 2). This information should be sufficient to prepare any possible defense or to prepare for cross-examinations. Furthermore, and as a final point, Roberts can still be convicted of conspiracy even

8

assuming he claims that he did not know the two unidentified coconspirators in this case. *See United States v. Gonzalez*, 907 F.3d 869, 874 (5th Cir. 2018) ("[A]ll members of a conspiracy are not required to know every other member for a conspiracy to exist, and . . . it is not surprising that some members in a large conspiracy would not know each other.").

Thus, without any other availing argument before it, the Court refuses to grant Roberts's request for the Government to disclose his co-defendants' identities.

### B. Evidentiary Hearing Regarding Admissibility of Coconspirators' Statements

In his motion, Roberts also argues that, due to the complexity of this case, the Court should hold a pretrial hearing outside the presence of the jury to determine whether any statements by his coconspirators are admissible under Federal Rule of Evidence 801(d)(2)(E). The Court believes that such a hearing is not called for here.

Rule 801(d)(2)(E) provides that a statement is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). In that vein, a coconspirator's declaration is admissible against a defendant at trial if the government establishes, by a preponderance of the evidence, "(1) that a conspiracy existed, (2) that the conspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy, (3) that the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *United States v. Cox*, No. 4:13-CR-266 (2), 2015 WL 13446270, at *1 (E.D. Tex. Aug. 17, 2015) (citing *United States v. Ebron*, 683 F.3d 105, 135 (5th Cir. 2012), *cert. denied*, 134 S. Ct. 512 (2013)). "Whether statements are admissible under [Rule 801(d)(2)(E)] is a preliminary question that 'shall be determined by the court.'" *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (quoting FED. R. EVID. 104(a)).

In *United States v. James*, "the Fifth Circuit held that district courts should, 'whenever reasonably practical, require the showing of a conspiracy and of the connection of the Defendant with it before admitting the declarations of a co-conspirator.'" *United States v. Mathis*, 458 F. Supp. 3d 559, 562 (E.D. Tex. 2020) (quoting *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979)). As a result, pursuant to *James's* holding, defendants are free to request a pretrial hearing to determine whether a coconspirator's statements are admissible under Rule 801(d)(2)(E) in a so-called "*James* hearing." *Id.* (citing *United States v. Riggins*, 524 F. App'x 123, 129 (5th Cir. 2013)). However, a *James* hearing is not the *only* method that a court can use to determine if a coconspirator's statement meets Rule 801(d)(2)(E)'s requirements. *James*, 590 F.2d at 582–83; *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001). Indeed, a *James* hearing "is *one potential method* by which the district court may ensure the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *Williams*, 264 F.3d at 576 (emphasis added). Consistent with that view, the Fifth Circuit has held that courts may "carry the defendant's objection 'through trial or at least through presentation of the government's case'" until the court has determined the existence of Rule 801(d)(2)(E)'s predicate facts. *United States v. Carreon*, 242 F. App'x 221, 227 (5th Cir. 2007) (quoting *Fragoso,* 978 F.2d at 900). It is ultimately up to the trial court's discretion in deciding whether a *James* hearing is necessary. *Id.*

In this case, the Court finds that Roberts has not provided a compelling reason to hold a pretrial *James* hearing. A *James* hearing here "would effectively require the Court to conduct a 'mini-trial' of potentially considerable length and to hear much of the evidence twice, which would be both wasteful and unnecessary." *Mathis*, 458 F. Supp. 3d at 563. Roberts effectively recognizes as much in his motion—stating that the Court will be required "to make individual determinations regarding each witness and statement" because each defendant will lodge objections at a

10

coconspirator's statements (Dkt. #353 at p. 5). The Court will not waste time and judicial resources in hearing the same evidence twice, particularly when Roberts provides insufficient reasons in his motion to hold otherwise. Like other courts within this district, the Court will reject holding a *James* hearing where "the hearing in effect would result in trying the lawsuit two times." *Mathis*, 458 F. Supp. 3d at 563 (collecting cases). Therefore, Roberts's request for a *James* hearing is denied.

V. **Defendant Christopher Ragle's Motion for Specific Evidence Favorable to Defendant (Specific Brady Motion) Regarding Witnesses, Informants, and Testifying Co-Conspirators and Incorporated Brief (Dkt. #354)**

Next, Ragle essentially employs a shotgun request that the Government provide any and all information it has available within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972). Ragle's motion for *Brady* material need not be addressed. The Scheduling Order controlling discovery in Ragle's case provides that, within five days after his arraignment or the date of receipt of the Order by Ragle, the Government shall "[p]ermit Defendant's attorney to inspect, copy, or photograph any evidence within the ambit of *Brady v. Maryland* (evidence which might tend to exculpate Defendant, mitigate punishment, or impeach testimony which may be determinative of Defendant's guilt or innocence)" (Dkt. #100 at p. 2). Moreover, the Scheduling Order ensures that this obligation remains throughout the length of this case—stating that "[a]ny duty of disclosure and discovery set forth in [the Scheduling Order] is a continuing one" (Dkt. #100 at p. 4). Defendant makes no allegation that the Government has failed in its disclosure obligations, and as such, the Court will not grant Defendant's motion. Of course, the Government is reminded of its obligations to disclose such materials. But there is zero evidence showing (1) that the Government has the materials that Ragle requests or (2) the Government failed to provide these materials. So, Ragle's motion for *Brady* material is denied. To the extent Ragle seeks *Giglio* material (i.e., evidence of agreements or

11

promises made by the government to a witness) the Government shall provide such material by no later than immediately prior to the testimony of the witness to whom such material relates.[1]

**VI.     Defendant Eric Roberts's Motion for Disclosure of Plea Bargain Agreements, Factual Resumes and Grants of Immunity (Dkt. #355)**

Similar to Ragle, Roberts asks the Court to compel the Government to disclose any plea bargains and grants of immunity relating to cooperating witnesses or defendants—citing *Brady*, *Giglio*, and the Jencks Act (18 U.S.C. § 3500) for relevant legal authority. Roberts does not need to move for *Brady* material. In identical fashion to Ragle's Scheduling Order, the Scheduling Order controlling Roberts's case provides that the Government will disclose any evidence within the ambit of *Brady v. Maryland* or impeachment evidence that might be determinative of Roberts's guilt or innocence (Dkt. #55 at p. 2). Not only was this obligation present at the beginning of this case—but it is a continuing obligation that the Government disclose such evidence or information (Dkt. #55 at p. 4). Again, like Ragle's motion, there is absolutely zero evidence that the Government has failed to provide this information or that any of the requested materials are in the Government's possession. As discussed earlier, the Government is reminded that it must disclose

---

[1] Ragle finally asks the Court to order the Government "to determine if any Government witness has knowledge of any evidence that is possibly exculpatory or useful for impeachment to the Defendant and such information be provided" to Ragle (Dkt. #354 at p. 4). First, Ragle cites no case law to support the proposition that the Court must order the Government to engage in such an inquiry, and the Court has found none to support this position either. Furthermore, Ragle's request is unnecessary in the sense that the Government's *Brady* obligations are ongoing leading up to trial. *See United States v. Miranne*, 688 F.2d 980, 988 (5th Cir. 1982) ("There is little question that there are occasions where the prosecution has an affirmative duty to seek out evidence to which it has access and which may be beneficial to the defense."); *see also United States v. Cessa*, 861 F.3d 121, 134 n.8 (5th Cir. 2017) ("*Brady* obligations are continuing throughout trial, and are neither dependent on a request from the defendant nor the form of the *Brady* material."). And with those obligations, an "individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case . . . ." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). In other words, a court order here would be superfluous to the Government's obligations already in place. That said, the Court reminds the Government of its obligations under *Brady*, but, without any evidence showing the Government has failed in its *Brady* duties, the Court is not inclined to order the Government to ask its witnesses whether they have any information that is "possibly exculpatory." The Court "trusts that the Government will abide by its obligations under *Brady*." *United States v. Tettleton*, No. CIV.A. 09-00015, 2009 WL 1174358, at *2 (W.D. La. Apr. 29, 2009) (citations omitted). Accordingly, Ragle's request is denied.

this type of evidence when it comes into its possession. But it is unnecessary to grant Roberts's request for *Brady* material.

However, the Court does find merit in Roberts's motion for material under *Giglio* and the Jencks Act. The Government shall provide to Roberts any material required by *Giglio v. United States*, 405 U.S. 150 (1972) (evidence of agreements or promises made by the government to a witness) by no later than immediately prior to the testimony of the witness to whom such material relates. Furthermore, the Government shall provide Roberts with Jencks Act material on the day prior to the testimony of the witness to whom such material relates.

**VII. Defendant Eric Roberts's Motion for Discovery and Brief in Support (Dkt. #398) / Defendant Eric Roberts's Opposed Motion for Discovery Related to Transactions and Acts in Mexico (Dkt. #402)**

Roberts also moves for additional discovery in this case—citing various sources of information that he believes might be helpful to his defense. In response, the Government states that it "has produced all relevant discoverable materials in its possession to date" and "[a]s additional information is received, it will be produced" (Dkt. #405 at pp. 2–3). Accordingly, the Court denies Roberts's two motions as moot.

## CONCLUSION

It is therefore **ORDERED** that Defendant Eric Roberts's Motion for Return of Property and Brief (Dkt. #295), Defendant Eric Roberts's Motion for Return of Seized Property (Weapons) and Brief (Dkt. #305), Defendant Christopher Ragle's Motion for Disclosure of Extraneous Acts Evidence and Incorporated Brief (Dkt. #352), Defendant Eric Roberts's Motion for Disclosure of Unnamed Coconspirators (Dkt. #353), Defendant Eric Roberts's Motion for Discovery and Brief in Support (Dkt. #398), and Defendant Eric Roberts's Opposed Motion for Discovery Related to Transactions and Acts in Mexico (Dkt. #402) are hereby **DENIED.**

It is further **ORDERED** that Defendant Eric Roberts's Motion for the Prosecution to Reveal Deals with Witnesses To-Be-Named in the Trial and Brief (Dkt. #296), Defendant Christopher Ragle's Motion for Specific Evidence Favorable to the Defendant (Specific Brady Motion) Regarding Witnesses, Informants and Testifying Co-Conspirators and Incorporated Brief (Dkt. #354), and Defendant Eric Roberts's Motion for Disclosure of Plea Bargain Agreements, Factual Resumes and Grants of Immunity (Dkt. #355) are hereby **GRANTED in part.**

It is further **ORDERED** that the Government shall provide Roberts with any material required by *Giglio v. United States*, 405 U.S. 150 (1972) (evidence of agreements or promises made by the government to a witness) by no later than immediately prior to the testimony of the witness to whom such material relates. Furthermore, the Government shall provide Roberts with Jencks Act material on the day prior to the testimony of the witness to whom such material relates.

It is further **ORDERED** that the Government shall provide Ragle with *Giglio* material (evidence of agreements or promises made by the government to a witness) by no later than immediately prior to the testimony of the witness to whom such material relates

   **IT IS SO ORDERED**.
   **SIGNED this 21st day of December, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE